**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| **PAUL LARKE, T.L,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Civil No. 4:25-cv-40129-MRG** |
| | ) | |
| **FITCHBURG HIGH SCHOOL, DOUG** | ) | |
| **SOCHOVKA, and DR. JOHN BRAGA,** | ) | |
| **Defendants.** | ) | |
| | ) | |

### <u>ORDER ON DEFENDANTS' MOTION TO DISMISS [ECF No. 6]</u>

**GUZMAN, J.**

*Pro se* plaintiffs, Paul Larke ("Mr. Larke") and T.L.,[1] a seventeen-year-old[2] student at Fitchburg High School (collectively "Plaintiffs") bring this action against the Fitchburg High School ("FHS"), along with the assistant and sitting principal of FHS, Doug Sochovka ("Mr. Sochovka") and Dr. John Braga ("Dr. Braga") (collectively "Defendants") alleging multiple constitutional and state law violations following an incident at FHS involving T.L. and the subsequent disciplinary actions.

### I.     <u>BACKGROUND</u>

The following background facts are taken primarily from the allegations in Plaintiff's Complaint, [Compl., ECF No. 1-1], and are accepted as true for purposes of this motion. <u>Ruivo v. Wells Fargo Bank</u>, N.A., 766 F.3d 87, 90 (1st Cir. 2014) (quoting <u>A.G. ex rel. Maddox v. Elsevier</u>,

---

[1] The Complaint uses T.L.'s real name, however because she is a minor, pursuant to Fed. R. Civ. P. 5.2, the Court substitutes her name with her initials.

[2] To the Courts knowledge, Plaintiff T.L is seventeen years old. [ECF No. 1 at 1 n.1 (referring to T.L. as a minor); ECF No. 7 at 1 (referring to T.L. as "a seventeen-year-old student")].

Inc., 732 F.3d 77, 80 (1st Cir.2013) (explaining that a reviewing court "must separate the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited)"). All plausible inferences are made in Plaintiff's favor. Id.

While Plaintiff's Complaint is sparse on certain details, the facts underlying this suit are expounded more fully in the emails sent to Plaintiffs, which Plaintiffs relied on in their pleadings and the Defendants have attached to their motion. In their Memorandum of Law in Support of their Motion to Dismiss, Defendants attach multiple exhibits of letters or emails sent to the Plaintiffs. [See e.g. ECF Nos. 7-1, 7-3]. These emails are referenced in Plaintiff's filings, [Compl. at 3–4], therefore the Court can consider these exhibits without converting the matter into one of summary judgment. See Clorox Co. P.R. v. Proctor & Gamble Com. Co., 228 F.3d 24, 32 (1st Cir. 2000) (quoting Shaw v. Digital Equip. Corp., 82 F.3d 1194, 1220 (1st Cir.1996)) (courts "may properly consider the relevant entirety of a document integral to or explicitly relied upon in the complaint, even though not attached to the complaint, without converting the motion into one for summary judgment."). Additionally, Plaintiff did not contest the Defendants' production of exhibits or otherwise respond in any way to the production of the documented communications between the parties, therefore, the assertions for which Defendants proffer these exhibits are also deemed conceded. See Sigma-Aldrich Corp. v. Stonebrook, No. 23-cv-10140-DJC, 2025 WL 1927623, at *7 (D. Mass. July 12, 2025) (citing Uranga v. U.S. Citizenship & Immigr. Servs., 490 F. Supp. 3d 86, 109 (D.D.C. 2020) (explaining that "when a plaintiff files an opposition to a motion to dismiss addressing only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded"); Mahoney v. Found. Med., Inc., 342 F. Supp. 3d 206,

217 (D. Mass. 2018) (deeming a claim not addressed in an opposition to a motion to dismiss waived); Perkins v. City of Attleboro, 969 F.Supp.2d 158, 177 (D. Mass. 2013) (same).

### A. Relevant Facts

This suit arises from an altercation between two minor students at FHS, one of whom was Plaintiff, T.L., and the FHS administration's response to the altercation and its interactions with T.L., and her grandfather (Mr. Larke). [See Compl. 3–4; ECF No. 7-1 at 4 (referring to Mr. Larke as "[T.L.'s] [g]randfather.")]. T.L was allegedly "being bullied at [FHS]." [Compl. at 3]. Before the incidents that give rise to this suit, T.L. had attempted to notify Mr. Sochovka (FHS Assistant Principal) of the bullying and associated threats, but he allegedly took no action on the matter. [Id.] On December 21, 2023, T.L. was "punched [] in the face" by the bully, and she subsequently "defended herself;" she was then sent home following the incident. [Id.] Following the altercation, Mr. Sochovka informed the Plaintiffs via email and first-class mail of a scheduled disciplinary hearing on January 2, 2024. [Id.; ECF No. 7-1 at 2]. In this letter, Mr. Sochovka informed Plaintiffs of their opportunity to participate and dispute "the charges[3] and to present an explanation . . . including mitigating facts." [ECF No. 7-1 at 2]. The meeting occurred at the scheduled date at FHS, and was attended by T.L., Mr. Larke, T.L.'s mother, Mr. Sochovka, and Dr. Braga (FHS Principal). [Id. at 4]. During the meeting, Mr. Larke inquired what T.L. had been accused of and was allegedly informed that T.L. had been "standing next to the bully." [Compl. at 3]. Following this meeting, Mr. Braga informed Plaintiffs via email that T.L. had been suspended out-of-school for ten days, along with the reasons for the disciplinary action. [Id.; ECF No. 7-1 at 4–7].

---

[3] The Court notes that while the letter references "charges," there has been no allegation that T.L. has been subject to any criminal liability for the incident. This reference is to a "disciplinary offense." [ECF No. 7-1 at 2].

Mr. Braga stated that alternatives to suspension were considered, but the school felt a suspension was required because: "the serious and egregious nature of the [T.L.]'s violation of applicable school rules"; "[T.L.]'s continued presence in [FHS] would pose . . . concern about the infliction of serious bodily injury or . . . the infliction of other serious harm upon another person"; and the " need to restore a safe school environment and prevent the student from inflicting serious emotional harm on another student." [Id. at 3–4]. Plaintiffs assert that Mr. Braga told them the disciplinary action was allegedly based off "eyewitnesses' accounts and [] footage that was recorded" of the incident. [Id. at 3]. Mr. Larke requested a "copy [of] the bulling report," however he was not provided with one. [Id.]

### B. Procedural History

Plaintiffs originally filed this action in the Fitchburg District Court (C.A. No. 2516CV000202). [ECF No. 1]. Defendants removed this action to Massachusetts District Court pursuant to 28 U.S.C. § 1331. [Id.] Following the removal of the suit, Defendants' filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(5), and 12(b)(6). [ECF No. 7]. Plaintiffs then filed several motions, including a motion to vacate the removal, a motion for appeal, a motion to compel, and a motion for hearing. [ECF Nos. 8, 15, 16, 18].

## II.    LEGAL STANDARDS

When faced with motions to dismiss based on multiple grounds, the First Circuit advises the district court to "ordinarily" decide jurisdictional issues first. See Ne. Erectors Ass'n of the BTEA v. Sec'y of Labor, Occupational Safety & Health Admin., 62 F.3d 37, 39 (1st Cir. 1995). The court must treat "all well-pleaded facts as true and indulg[e] all reasonable inferences in favor of the plaintiff" when a defendant moves for dismal pursuant to Rule 12(b)(1). Aversa v. United States, 99 F.3d 1200, 1209-10 (1st Cir. 1996) (citing Murphy v. United States, 45 F.3d 520, 522

4

(1st Cir. 1995)) "[S]tanding is a prerequisite to a federal court's subject matter jurisdiction." Hochendoner v. Genzyme Corp., 823 F.3d 724, 730 (1st Cir. 2016) Therefore, "[a] motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) is appropriate when the plaintiff lacks standing to bring the claim." Plumbers' Union Loc. No. 12 Pension Fund v. Nomura Asset Acceptance Corp., 894 F. Supp. 2d 144, 150 (D. Mass. 2012) (quoting Edelkind v. Fairmont Funding, Ltd., 539 F.Supp.2d 449, 453 (D. Mass.2008)).

Dismissal under Rule 12(b)(6) is appropriate "if, after accepting all well-pleaded facts as true and drawing all reasonable inferences in favor of a plaintiff, the court determines that [the complaint] 'fails to state a claim upon which relief can be granted.'" Doe v. Williston Northampton Sch., 766 F. Supp. 2d 310, 311-12 (D. Mass. 2011) (quoting Edes v. Verizon Commc'ns, Inc., 417 F.3d 133, 137 (1st Cir. 2005)); Fed. R. Civ. P. 12(b)(6). A complaint must contain sufficient factual allegations to state a claim to relief that is "both actionable as a matter of law and 'plausible on its face.'" Id. (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). To survive a motion to dismiss, a complaint must set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Gagliardi v. Sullivan, 513 F.3d 301, 305 (1st Cir. 2008) (citation omitted). Further, except in a few limited circumstances, "an adequate complaint must include not only a plausible claim but also a plausible defendant," meaning there must be sufficient factual allegations to establish that a named defendant is plausibly liable for the unlawful acts alleged in the complaint. Penalbert-Rosa v. Fortuno-Burset, 631 F.3d 592, 594 (1st Cir. 2011).

The Court is mindful of the Plaintiffs' *pro se* status and acknowledges that *pro se* plaintiffs' complaints are "held to 'less demanding standards than those drafted by lawyers' and are read

liberally on a motion to dismiss." Gonzalez v. Harr Toyota Inc., No. 23-cv-40145-MRG, 2025 WL 764061, at *2 (D. Mass. Jan. 3, 2025) (quoting Boivin v. Black, 225 F.3d 36, 43 (1st Cir. 2000)). Although *pro se* Plaintiffs are held to a less demanding standard, they still must follow procedural rules and "dismissal remains appropriate when the court lacks jurisdiction" or "when the complaint fails to even suggest an actionable claim." Overton v. Torruella, 183 F. Supp. 2d 295, 303 (D. Mass. 2001) (citing Lefebvre v. Comm'r Internal Rev., 830 F.2d 417, 419 (1st Cir. 1987)).

### III.    DISCUSSION

On a liberal reading of Plaintiffs' complaint, it appears that they bring four claims against the Defendants. Those claims, as alleged,[4] are: (1) violation of the Equal Protection Clause; (2) violation of the Due Process Clause; (3) the "right to the use of Justifiable force;" and (4) violations of the Massachusetts public records law. [Compl. at 4–6]. The Court will first address each Plaintiff's standing, then the remaining bases for dismissal.

### A.    Mr. Larke Lacks Standing to Bring Counts I, II, and III

Defendants move to dismiss Counts I, II, and III because Mr. Larke fails to articulate an injury in fact sufficient for standing. [ECF No. 7 at 7]. Mr. Larke has not addressed Defendants' assertion that he lacks standing. Nonetheless, the Court has conducted its own review of the Complaint, and, as discussed below, the Court agrees with the Defendants.

Under Article III of the United States Constitution, federal courts have jurisdiction "over live cases or controversies." Cnty. Motors, Inc. v. Gen. Motors Corp., 278 F.3d 40, 43 (1st Cir. 2002) (citing U.S. CONST. art. III, § 2, cl. 1). For there to be a case or a controversy, "the plaintiff must have 'personal stake' in the case—in other words, standing." TransUnion LLC v. Ramirez,

---

[4] At this stage in the Order, the Court simply reproduces the claims as they appear in the Complaint without accepting them as valid causes of action.

594 U.S. 413, 423 (2021) (citing <u>Raines v. Byrd</u>, 521 U.S. 811, 819 (1997)). To establish standing, a plaintiff must show "(i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." <u>Id.</u> (citing <u>Lujan v. Defs. of Wildlife</u>, 504 U.S. 555, 560–61 (1992)). For an alleged injury to be "concrete," it must have a "'close relationship' to a harm 'traditionally' recognized as providing a basis for a lawsuit in American Courts." <u>Id.</u> at 424 (quoting <u>Spokeo, Inc. v. Robins</u>, 578 U.S. 330, 341 (2016)). Additionally, "a plaintiff must 'be himself among the injured[.]'" <u>Hochendoner v. Genzyme Corp.</u>, 823 F.3d 724, 734 (1st Cir. 2016) (quoting <u>Lujan</u>, 504 U.S. at 563). "If the plaintiff does not claim to have suffered an injury . . . there is no case or controversy for the federal court to resolve." <u>TransUnion</u>, 594 U.S. at 423 (internal citation omitted).

Counts I, II, and III fail as they do not allege injury to Mr. Larke, rather they all concern alleged harm to T.L. [<u>See</u> Compl. at 4–5]. Further, Mr. Larke fails to allege key elements with each of these counts and, as discussed below, he fails to state a claim, warranting dismissal.

Starting with Count I, the alleged violations of the Equal Protection clause are too remote to Mr. Larke to satisfy the injury-in-fact prong of standing. <u>See Holmes v. Sec. Inv. Prot. Corp.</u>, 503 U.S. 258, 268 (1992). ("[A] plaintiff[] who complain[s] of harm flowing merely from the misfortunes visited upon a third person by the defendant's acts was generally said to stand at too remote a distance to recover."). Plaintiffs' allegations to support Count I consist of the failure of Mr. Sochovka to report the bullying suffered by T.L. [Compl. at 4–5 ("[plaintiffs] complaint is that [T.L.] was bullied . . . and that [Mr. Sochovka] kn[e]w about the bullying" and failed to report it, constituting a "violation of the equal protection [clause]")]. The Complaint does not allege any injury sustained by Mr. Larke. [<u>See</u> Compl.]. In fact, the Complaint contains almost no allegations

7

of injury to T.L., besides the obvious suspension. Mr. Larke does not allege that he himself was subject to disciplinary proceedings or that he himself faced unequal treatment based on a protected class. See Koelsch v. Town of Amesbury, 851 F. Supp. 497, 501 (D. Mass. 1994) (quoting Jacobs, Visconsi & Jacobs, Co. v. City of Lawrence, Kan., 927 F.2d 1111, 1118 (10th Cir. 1991)) ("A violation of equal protection occurs when the government treats someone differently than another who is similarly situated"). His failure to allege any kind of disparate treatment, even as a "class of one,"[5] also means that Mr. Larke fails to state an Equal Protection claim and Count I must be dismissed on the merits. Id.

As for Mr. Larke's due process claim, the same analysis is applicable. The Due Process Clause prohibits state actors from "depriv[ing] any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, § 1. Regardless of whether proper process was provided, Mr. Larke's claim fails as he does not allege that he himself was deprived of "life, liberty, or property." [See Compl.]. The consequences of any of the alleged due process violation are isolated to T.L., as she was subjected to the suspension. Because Mr. Larke fails to articulate the required deprivation of constitutional interest arising from the alleged due process violations, he both fails to allege an injury for standing and fails to state a claim. See Souza v. City of Fitchburg, No. 4:25-CV-40089-MRG, 2026 WL 867739, at *5–6 (D. Mass. Mar. 30, 2026) (dismissal of plaintiff's due process claims where he failed to allege a violation of a constitutionally protected interest).

---

[5] If a plaintiff does not allege membership of a protected class, they "can bring an equal protection claim as a 'class of one,'" where they "must show that '[they] ha[ve] been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'" Back Beach Neighbors Comm. v. Town of Rockport, 63 F.4th 126, 130 (1st Cir. 2023) (quoting Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000)). Mr. Larke has not raised any allegations that would satisfy the pleading requirements for this claim.

In Count III, Plaintiffs claim of a violation of T.L's right to "justifiable force." [Compl. at 5]. The Complaint contains no allegations as to any injury or effect on Mr. Larke relating to this claim. Accordingly, he has not alleged an injury sufficient for standing for Count III.  On a liberal reading of the Complaint, Plaintiffs appear to be asserting T.L had a right to self-defense. Self-defense is an affirmative defense, not a cognizable cause of action. See Rivera v. Thompson, 879 F.3d 7, 19 (1st Cir. 2018) ("Self-defense" is a "complete defense to [] charges."); United States v. Bruno-Figueroa, 57 F. Supp. 3d 148, 151 (D.P.R. 2014) ("Self-defense is a legal justification that excuses an otherwise criminal act."); c.f. Brown v. Nationstar Mortg. LLC, No. CV 18-11407-PBS, 2019 WL 2387632, at *6 (D. Mass. Feb. 4, 2019) (holding "[e]stoppel is not a cause of action, it is an affirmative defense."). Having failed to state a cognizable cause of action, Count III also fails to state a claim under Rule 12(b)(6). See Gagliardi, 513 F.3d at 305 (citation omitted).

Mr. Larke's standing issues are similar to those of the plaintiffs in Food & Drug Admin. v. All. for Hippocratic Med., 602 U.S. 367 (2024). In that case, several individual doctors and pro-life associations challenged the FDA's decision to relax its regulations on a medication used to terminate pregnancies. Id. at 376–77. The Supreme Court found that the doctors could not "sue in a representative capacity to vindicate their patients' injuries or potential future injuries" because "the doctors have not suffered and would not suffer an injury themselves." Id. at 393 n.5. The Supreme Court noted that "[t]he third-party standing doctrine does not allow doctors to shoehorn themselves into Art. III standing simply by showing that their patients have suffered injuries or may suffer future injuries." Id. Like the doctors in Food & Drug Admin, Mr. Larke has failed to allege how the Defendants' actions with respect to Counts I-III affected him specifically – as opposed to affecting just T.L. [See Compl. at 3–4]. Instead, Mr. Larke attempts to bring the claims in a representative capacity as a member of the "Larke Family." [Id. at 4]. This blanket assertion

that there is an injury to a third party is insufficient to grant Mr. Larke standing without a showing that he was himself injured. See Food & Drug Admin., 602 U.S. at 393 n.5 (quoting Hollingsworth v. Perry, 570 U.S. 693, 708 (2013)) (third party standing concerns a "narrow class of litigants" who "still must have suffered an injury in fact").

Because Mr. Larke fails to allege an injury-in-fact that he sustained himself, he lacks standing for Counts I, II, and III and Defendants' motion to dismiss those counts is **GRANTED**. See Donahue v. City of Bos., 183 F. Supp. 2d 202, 209 (D. Mass. 2001) (finding plaintiff lacked standing to bring a equal protection claim where they suffered no injury). Dismissal is further warranted because Mr. Larke has failed to state a claim upon which relief can be granted, either because he fails to allege key elements (Counts I and III) or because the claim itself is not a cognizable cause of action (Count III). Because the claims are also dismissed on the merits, the dismissal of Counts I-III as brought by Mr. Larke is **with prejudice.** See Claudio-De Leon v. Sistema Universitario Ana G. Mendez, 775 F.3d 41, 49 (1st Cir. 2014) ("[I]n the absence of a clear statement to the contrary, a dismissal pursuant to Fed. R. Civ. P. 12(b)(6) is presumed to be with prejudice.") (alterations in original) (citation omitted).

**B.    Mr. Larke Cannot Bring this Action on T.L.'s Behalf**

Plaintiffs assert that Mr. Larke, acting as a representative of the Larke Family, is bringing this action on behalf of T.L., who is a minor. [See Compl. at 4–6 ("the Larke Family was not allowed to question witnesses")]. Defendants assert that Mr. Larke is not qualified to bring a claim on behalf of T.L. *pro se*. [ECF No. 7 at 10–11]. Plaintiffs have not responded to this argument. The Court agrees with the Defendants that Mr. Larke is not capable of representing T.L. *pro se*.

A minor cannot bring a lawsuit in their own capacity, rather they must be represented by a person acting in their behalf pursuant to Fed. R. Civ. P. 17(c).[6] While Rule 17(c) allows for an individual to bring a claim on behalf of a minor child, that person must either have a lawyer or be a lawyer themselves to bring a suit in federal court. Rizzuti v. Cappabianca, 791 F. Supp. 3d 270, 295 (D. Mass. 2025) (quoting Hootstein v. Amherst-Pelham Reg'l Sch. Comm., 361 F. Supp. 3d 94, 101 (D. Mass. 2019) ("a pro se party cannot represent people other than him[self] . . . . The rule even bars a non-lawyer parent from representing his or her child."); L.R. 83.5.5(b) ("An individual appearing pro se may not represent any other party and may not authorize any other individual who is not a member of the bar of this district to appear on his or her behalf."); see S. B. v. Bureau of Special Educ. Appeals, No. 22-CV-10056-ADB, 2024 WL 1333578, at *4 (D. Mass. Mar. 28, 2024) (holding that a parent of a minor child cannot represent their child *pro se* unless "[they] [are] a licensed attorney").

In this action, T.L., as a minor, does not have the capacity to bring a complaint on her own. Fed. R. Civ. P. 17(c). As stated, the Court construes the Complaint as being filed on T.L.'s behalf by Mr. Larke. [See Compl. at 4–5 (all claims brought by "the Larke family")]. Whether Mr. Larke could be a proper representative for T.L. pursuant to Rule 17(c)(1) is inapposite, as it is evident that he is not a licensed attorney and, therefore, cannot represent T.L. *pro se*. Meeker v. Kercher, 782 F.2d 153, 154 (10th Cir. 1986) ("We hold that under Fed. R. Civ. P. 17(c) and 28 U.S.C.A. § 1654, a minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney."). Accordingly, the claims brought on behalf of T.L. (Counts I, II, III, IV) are **DISMISSED without prejudice**. U.S. ex rel. Poteet v. Bahler Med., Inc., 619 F.3d 104,

---

[6] Specifically, Rule 17(c)(1) allows for "a general guardian; a committee; a conservator; or a like fiduciary" to represent a minor in court. Fed R. Civ P. 17(c)(1).

115 (1st Cir. 2010) (citing Torres–Fuentes v. Motorambar, Inc., 396 F.3d 474, 475 (1st Cir. 2005) (where dismiss is due to a defect that may be cured, such as lack of jurisdiction, and is not based on a decision on the merits, the dismissal should be without prejudice).

C.      **The Court Cannot Exercise Supplemental Jurisdiction Over Plaintiffs' Remaining State Law Claim (Count IV)**

Under 28 U.S.C. § 1367(a), district courts have "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). A district court usually has discretion to exercise supplemental jurisdiction over state law claims, even where it has dismissed all claims over which it had original jurisdiction; however, where there is no proper basis for original federal jurisdiction in the first place, the court cannot exercise supplemental jurisdiction over remaining state law claims. Monahan v. Sabatis, No. CV 14-13863-PBS, 2015 WL 13333511, at *6 (D. Mass. Aug. 10, 2015) (quoting Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1187 (2nd Cir. 1996)).

Defendants removed this action pursuant to 28 U.S.C. § 1331, asserting this Court's original jurisdiction for the federal claims. [ECF No. 1]. Here, the Court has dismissed all of Mr. Larke's federal claims for lack of standing. See supra, Section III.A. Further, T.L's claims are not properly before the Court. Id. Finding that it lacks original subject matter jurisdiction over all of the federal claims, this Court cannot exercise supplemental jurisdiction over Plaintiffs' remaining state law claim. See Monahan, 2015 WL 13333511, at *6. Further, Plaintiffs cannot rely on diversity jurisdiction as an alternative as "[d]iversity jurisdiction requires both an amount in controversy in excess of $75,000 and complete diversity of citizenship between all plaintiffs, on the one hand, and all defendants, on the other hand." Bearbones, Inc. v. Peerless Indem. Ins. Co.,

936 F.3d 12, 14 (1st Cir. 2019) (citing 28 U.S.C. § 1332). In this action, Mr. Larke is a resident of Fitchburg, Massachusetts, [See ECF No. 8 at 3],[7] and FHS is located in Fitchburg, Massachusetts.[8] Plaintiffs do not allege the residences of the two individual Defendants; however, complete diversity on both sides of the "v." is required and as both the Plaintiffs and FHS are residents of Massachusetts, there is not complete diversity of the parties. In re Olympic Mills Corp., 477 F.3d 1, 6 (1st Cir. 2007) (citations omitted) ("[T]he presence of but one nondiverse party divests the district court of original jurisdiction over the entire action.").

Additionally, Plaintiffs have not alleged a sufficient amount in controversy to grant this Court jurisdiction in this matter. In the "Demands" portion of Plaintiff's complaint, they seek "$50,000 in damages." [Compl. at 6]. Regardless of the diversity of the parties, Plaintiffs' pleadings are not sufficient to satisfy the amount in controversy requirement to grant this Court diversity jurisdiction. 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000").

With no basis for subject matter jurisdiction, the motion to dismiss Count IV is **GRANTED without prejudice**. See U.S. ex rel. Poteet, 619 F.3d at 115 (citing Torres–Fuentes, 396 F.3d at 475 ("Generally, when a federal court dismisses a case for lack of subject matter jurisdiction, the dismissal should be without prejudice.").

---

[7] While the Court generally may not consider materials outside of the complaint on a Rule 12(b)(6) motion, "it may consider such materials on a Rule 12(b)(1) motion, such as the one in this case." Gonzalez v. United States, 284 F.3d 281, 288 (1st Cir. 2002), as corrected (May 8, 2002).

[8] Courts may generally take judicial notice of geographic facts. United States v. Bello, 194 F.3d 18, 23–24 (1st Cir. 1999); see also United States v. Moon, 802 F.3d 135, 149 n. 11 (1st Cir. 2015); Nat'l Ctr. for Educ. Stats., *Search for Public Schools*, https://nces.ed.gov/ccd/schoolsearch/ school_detail.asp?SchoolID=250489000697&ID=250489000697 (last visited Apr. 7, 2026) (showing the geographic location of FHS is 140 Arn-How Farm Rd, Fitchburg MA, 01420).

## IV.    <u>CONCLUSION</u>

For the foregoing reasons, Defendants' motion to dismiss, [ECF No. 6], is **<u>GRANTED</u>** in full and this case is **<u>DISMISSED</u>**. Additionally, Plaintiffs' motions [ECF Nos. 8, 15, 16, 18], are **<u>DENIED</u>** as **<u>MOOT</u>**.

**SO ORDERED.**

Dated: June 11, 2026

   /s/ Margaret R. Guzman
Margaret R. Guzman
United States District Judge